ARMED SERVICES BOARD OF CONTRACT APPEALS

Petition of --                              )
                                            )
Volmar Construction, Inc.                   )        ASBCA No. 60710-910
                                            )
Under Contract No. W912QR-12-C-0074         )

APPEARANCE FOR THE PETITIONER:              Richard T. Garofalo, Esq.
                                              Garrity, Graham, Murphy, Garofalo
                                              & Flinn
                                              East Hanover, NJ

APPEARANCES FOR THE GOVERNMENT:             Thomas H. Gourlay, Jr., Esq.
                                              Engineer Chief Trial Attorney
                                            Carlton A. Arnold, Esq.
                                              Engineer Trial Attorney
                                              U.S. Army Engineer District, Louisville

OPINION PURSUANT TO BOARD RULE 1(a)(5)
DIRECTING CONTRACTING OFFICER TO ISSUE DECISION

Pursuant to Board Rule 1(a)(5), Volmar Construction, Inc. (Volmar) petitions the Board to direct the contracting officer (CO) to issue a decision on its claims in advance of the date announced by the CO. In response, the government argues that the CO's decision to issue the final decision no later than 31 March 2017 is reasonable because the current CO has no prior knowledge of the claims and the government will require an outside scheduling expert to examine the delay and impact damages.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE PETITION

1. On 29 September 2012, the United States Army Corps of Engineers, Louisville District (government) awarded Contract No. W912QR-12-C-0074 to Volmar to renovate and repair buildings on Joint Base McGuire-Dix-Lakehurst, New Jersey (gov't ex. 1, contract at 1-6).

2. By letter dated 19 May 2016, Volmar submitted eight claims to the CO, seeking money and extensions of time. Volmar previously submitted the substance of its claims to the CO as written demands for payment or requests for equitable adjustment[1] as follows: $84,191.11 for additional asbestos abatement, temporary

_____

[1] The Board expresses no opinion as to whether the previous submittals were claims or requests for equitable adjustment.

heating costs, and inadequate water flow conditions dated 29 January 2016; $663,600.00 for extended office overhead dated 11 February 2016; $59,208.28 for kitchen equipment[2] dated 12 February 2016; $930,584.74 for canopy modification and loss of electrical subcontractor dated 22 February 2016; extension of time request for smoke seals dated 29 February 2016; extension of time request for railings[3] dated 15 March 2016[4]; $516,356.63 for additional labor, material testing, and extended office overhead related to impacts and delays with peeling paint from the ceiling dated 21 March 2016[5]; and $41,868.06 and $34,808.08 for additional costs regarding installation of booster fans dated 23 February 2016 and 31 March 2016[6]. (Gov't ex. 2, claim at 1-3)

3. By letter dated 27 June 2016, Volmar modified its two extension of time claims by adding extended field office overhead in the amounts of $110,538.00 for the railings claim and $202,756.50 for the smoke seals claim[7] (gov't ex. 6).

4. By letter dated 18 July 2016, the CO issued a final decision, granting the $59,208.28 claim for kitchen equipment (gov't ex. 7 at 1). The government attorney sent a separate letter to Volmar, dated 18 July 2016, stating that the remaining seven CO final decisions would be issued on or before 31 March 2017 (gov't ex. 8).

5. Pursuant to Board Rule 1(a)(5), Volmar petitioned the Board, by letter dated 23 July 2016, for an order directing the CO to issue a decision on its seven remaining claims no later than a reasonable time set by the Board (pet. at 4).

## DECISION

When a CO receives a certified claim over $100,000, the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, requires that within sixty days of receipt of the claim, the CO shall either (a) issue a decision or (b) notify the contractor of the time

---

[2] Volmar submitted a notice of appeal regarding the kitchen equipment to the Board on 17 June 2016 and it was docketed as ASBCA No. 60634.

[3] Volmar submitted a notice of appeal regarding the smoke seals and railings time extensions on 17 June 2016 and it was docketed as ASBCA No. 60635.

[4] In its 19 May 2016 claim, Volmar states that this prior submittal was dated 29 February 2016; however, the document in the record is dated 15 March 2016 (gov't ex. 3).

[5] In its 19 May 2016 claim, Volmar states that this prior submittal was dated 15 March 2016; however, the document in the record is dated 21 March 2016 (gov't ex. 3).

[6] In its 19 May 2016 claim, Volmar states that this prior submittal was dated 23 February 2016; however, the document in the record is dated 31 March 2016 (gov't ex. 3).

[7] The Board expresses no opinion as to whether these two claims were properly certified.

2

within which a decision would be issued. 41 U.S.C. § 7103(f)(2). When a CO receives a claim under $100,000, the CDA requires the CO to issue a decision within 60 days "from the contracting officer's receipt of a written request from the contractor that a decision be rendered within that period." 41 U.S.C. § 7103(f)(1).

In addition to the requirements of section 7103(f)(2), the CDA also requires that the decision of the CO on a contractor claim "shall be issued within a reasonable time...taking into account such factors as the size and complexity of the claim and the adequacy of information in support of the claim provided by the contractor." 41 U.S.C. § 7103(f)(3).

Under the CDA, "[a] contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer." 41 U.S.C. § 7103(f)(4). Board Rule 1(a)(5) implements this section providing that "[i]n lieu of filing a notice of appeal under paragraph (a)(1) or (a)(2) of this Rule, the contractor may petition the Board to direct the contracting officer to issue a decision in a specified period of time as determined by the Board."

Whether the time in which a CO states he or she will issue a decision is reasonable must be determined on a case by case basis. *Eaton Contract Services, Inc.*, ASBCA Nos. 52686, 52796, 00-2 BCA ¶ 31,039 (finding 8 months reasonable given the volume of documentation, number of issues and time needed to gather information due to relocation of personnel); *Defense Systems Co.*, ASBCA No. 50534, 97-2 BCA ¶ 28,981 (finding 9 months reasonable when claimed amount exceeded $71 million and narrative portion of the claim alone exceeded 162 pages); *Dillingham/ABB-SUSA, a Joint Venture*, ASBCA Nos. 51195, 51197, 98-2 BCA ¶ 29,778 (finding 14-16 months unreasonable for a small construction claim and an impact claim that had been extensively analyzed and audited).

Here, Volmar objects to the 31 March 2017 date established by the CO for issuing her decision as being unreasonable because the date is more than ten months from the submission of its 19 May 2016 claims and is approximately thirteen months from its original submissions. Volmar instead seeks an order from the Board to direct the CO to issue a decision "within a specified period of time and well before March 31, 2017." (Pet. at 2-4)

The government maintains that 31 March 2017 is a reasonable date on which to issue a CO decision. The government states that the CO who will issue the decision has had no exposure to the issues raised in Volmar's claims and that an outside scheduling expert will need to be hired to examine the delay and impact damages. (Gov't opp'n at 2)

3

We find the government's arguments not wholly persuasive. While bringing on a CO who has had no exposure to the issues can be time-consuming, internal staffing matters are not one of the factors used to determine a reasonable time under the CDA. *See Fru-Con Construction Corp.*, ASBCA No. 53544, 02-1 BCA ¶ 31,729 (finding the scarcity of attorneys to assist with the review of a contracting officer's final decision is a matter wholly and exclusively within the control of the government).

The government has had Volmar's original submissions for well over seven months and has had Volmar's claims for well over four months (SOF ¶ 2). Furthermore, a report from an outside scheduling expert could be produced by mid-October 2016 by the government's own calculations. The government stated in its response to Volmar's petition that it would take roughly 90 days to execute a contract to fund and obtain the services of an outside scheduling expert. Then, it would take approximately 60 days or longer to produce the report. (Gov't opp'n at 2) Volmar's claims were dated 19 May 2016, meaning the outside scheduling expert report could be produced by mid-October 2016. The mid-October date does not even factor into account that the government received all of the impact and delay claims in some form before 19 May 2016 (SOF ¶ 2). The government stated that the remaining time after the outside scheduling expert's report completion until 31 March 2017 is necessary to "assemble the supporting documentation, confer with technical experts and issue the decision" (gov't opp'n at 2). We are not persuaded that such a lengthy time period is required.

Accordingly, we find the 31 March 2017 date for issuing a final decision to represent an undue delay. After considering all the arguments, we believe that a reasonable time for the CO to issue a final decision is 13 January 2017.

## CONCLUSION

We hereby direct the CO, pursuant to 41 U.S.C. § 7103(f)(4), to issue a decision no later than 13 January 2017.

4

This order completes all necessary action by the Board. If the CO fails to comply with this order, such failure will be deemed a decision by the CO denying the claims and the contractor may appeal to this Board or sue in the United States Court of Federal Claims pursuant to 41 U.S.C. §§ 7103(f)(5) or 7104.

Dated: 7 October 2016

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

JOHN J. THRASHER
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60710-910, Petition of Volmar Construction, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5